**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **BETTY BRUNELL**<br><br>Plaintiff,<br><br>v.<br><br>**3M COMPANY and ARIZANT HEALTHCARE, INC., *et al.*,**<br><br>Defendants. | **No. 0:25-cv-01392**<br><br>**District Judge Joan N. Ericksen**<br><br>**Magistrate Judge David T. Schultz** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT**

COMES NOW Plaintiff Betty Brunell and respectfully moves the Court pursuant to Rule 15 of the Federal Rules of Civil Procedure for leave to file Plaintiff's First Amended Complaint. Proposed versions of the First Amended Complaint are attached hereto as Exhibit 1 (clean) and Exhibit 2 (redlined).[1]

## INTRODUCTION

Despite this matter's posture as a case not yet selected for workup in the remand Group process, Defendants filed a Rule 12(c) motion for judgment on the pleadings (MDL ECF No. 3697) arguing that based on the allegations in Ms. Brunell's Short Form

[1] Pursuant to Local Rule 15.1(b), Plaintiff has attached "(1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows — through redlining, underlining, strikeouts, or other similarly effective typographic methods — how the proposed amended pleading differs from the operative pleading." As Plaintiff only filed a Short Form Complaint in accordance with PTO 8, at ¶ 4 (*In RE: Bair Hugger Forced Air Warming Prods. Liab. Litig.*, 15-md-2666, ECF No. 46), the redlined proposed amended complaint is based off the Master Complaint.

Complaint, her claims were all time-barred under the applicable Tennessee statutes of limitations. Defendants further argued that Plaintiff failed to plead facts sufficient to establish fraudulent concealment tolling in either the Master Complaint or her Short Form Complaint. But the MDL Master Complaint, and the associated Short Form Complaint, were purely administrative and were not intended to be the conclusion of substantive pleadings in individual cases direct-filed in the MDL pursuant to Pretrial Order No. 5.[2]

Because a scheduling order has not yet been entered in this matter nor a deadline set for amended pleadings, Plaintiff seeks leave to file the attached First Amended Complaint to conform to the claims of the Plaintiff to applicable state law and to add allegations that were uncovered during discovery in the MDL, including, but not limited to, allegations pertinent to the timeliness inquiry regarding Defendants' affirmative actions to fraudulently conceal its wrongful conduct from Plaintiff and her healthcare providers.

The proposed amended complaint attached to this instant motion (a) asserts no new causes of action, instead conforming the claims previously asserted to Tennessee law and withdrawing others, and (b) names the same Defendants as the original complaint. Plaintiff's claims are subject to the substantive law of Tennessee and in her Short Form Complaint, Plaintiff designated the Middle District of Tennessee as the jurisdiction "in which remand trial is proper and where this Complaint would have been filed absent the direct filing order" of this Court. *See* Short Form Complaint (ECF No. 1); *see also In RE:*

[2] As evidenced by Scheduling Orders entered in the remanded matters, it is apparent that the Court anticipates allowing amendments pursuant to forthcoming scheduling orders once matters are selected for remand. *See* Exhibits 3 and 4 (Group 1 and Group 2 Scheduling Orders).

*Bair Hugger Forced Air Warming Prods. Liab. Litig.*, 15-md-2666, PTO No. 5 (ECF No. 37) (setting forth the direct filing procedure). Therefore, Plaintiff is incorporating pleading requirements and references to the pertinent state law statutes from this jurisdiction, where necessary, to promote efficiency for the Court. This request should be granted for the reasons set forth below.

## **STANDARD**

Pursuant to Federal Rule of Civil Procedure 15(a)(2), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15. In *Foman v. Davis,* 371 U.S. 178, 182 (1962), the Supreme Court instructed that leave to amend shall be "freely given" and that "this mandate is to be heeded." The Court explained that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman*, 371 U.S. at 182; *see also In re EpiPen Direct Purchaser Litig.*, No. 20-cv-00827, 2021 WL 4892231, at *2 (D. Minn. Oct. 20, 2021). A district court may deny a party's request for leave to amend only if there are compelling reasons such as undue delay, bad faith, or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the non-moving party, or futility of the amendment. *Reuter v. Jax Ltd., Inc.*, 711 F.3d 918, 922 (8th Cir. 2013) (citing *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008)).

## ARGUMENT

Plaintiff filed her Short Form Complaint in the MDL on April 14, 2025. ECF No. 1. This limited option was an administrative device, ordered by this Court as part of the MDL process. *In RE: Bair Hugger Forced Air Warming Prods. Liab. Litig.*, 15-md-2666, PTO 8, ECF No. 46, at 1 (stating "Plaintiffs have filed a Master Long Form Complaint and a Master Short Form Complaint *as administrative devices* to set forth potential claims detailed in the Master Long Form Complaint that individual Plaintiffs may assert against Defendants in this litigation.") (emphasis added). Plaintiff seeks to amend her complaint, for the first time, to put forth: (1) the appropriate facts and relevant state law specific to her claims; (2) add facts learned during discovery in the MDL, regarding Defendants' fraudulent concealment of the safety and efficacy of the Bair Hugger; and (3) to not be restricted to the minimal information that was permitted by the Short Form Complaint and outdated Master Complaint.

First, there is no undue delay, dilatory motive, or bad faith by Plaintiff. Plaintiff is not a remand case, and therefore, there is no deadline for a motion to amend the pleadings in this case and discovery is stayed. Despite this, Defendants proceeded to file a Rule 12(c) motion challenging the pleadings in Plaintiff's case. Plaintiff is filing this motion for leave to amend in direct response to Defendants' motion. In addition, the fact that Plaintiff is filing a motion after Defendants have already filed a pretrial motion does not make the motion untimely. *See In re EpiPen Direct Purchaser Litig.*, 2021 WL 4892231, at *4. Plaintiff is seeking this amendment to promote efficiency for the Court so that the case may proceed more effectively on the merits and avoid the unnecessary Rule 12(c) motion filed

by Defendants. Consistent with the liberal standard that applies to motions to amend under Rule 15(a)(2), the Court should therefore grant Plaintiff's motion.

Indeed, it is Defendants' motion, not Plaintiff's, that departs from this Court's case management orders. PTO 8 provides that "[m]otion practice on the individual personal injury Complaints and future Answers subject to this Order shall be stayed and may proceed only according to Pretrial Order No. 4 or upon leave of the Court." PTO 8, ECF No. 46 at ¶ 5. Defendants did not *see*k leave of Court before filing their Rule 12(c) motion in this non-remand case. PTO 22 likewise set a deadline, long since passed, for dispositive motions on "general causation and issues not specific to bellwether cases." PTO 22, ¶ 12; see MDL ECF No. 3698 at 4 n.3 (quoting PTO 22). Defendants are seeking a merits ruling on the timeliness of an individual non-remand case through Rule 12(c) motion practice, while case-specific discovery remains stayed. That is all the more reason to allow Plaintiff to amend before any such motion is decided.

To the extent that Defendants somehow argue that the deadline to amend complaints in the MDL has passed, the master pleadings amendment deadline passed prior to this case being filed in the first place and said deadline for amendment in the MDL was only for the administrative Master Complaint and Master Short Form Complaint, not for specific plaintiffs. *See In RE: Bair Hugger Forced Air Warming Prods. Liab. Litig.*, 15-md-2666, PTO 4, ECF No. 27 at ¶¶ 3, 7, 16 (scheduling order setting a deadline of April 29, 2016, for filing and serving the Master Long Form and Master Short Form Complaints; July 29, 2016, for amending the Master Long Form and Master Short Form Complaints without leave of Court; and April 21, 2017, for filing motions to amend the Master Long Form and

Master Short Form Complaints to include punitive damage claims); *see also*, PTO 17, ECF No. 175 at ¶¶ 4, 11 (amended scheduling order). Defendants cannot justifiably argue that a deadline for a Plaintiff has passed prior to the plaintiff even filing the required short form complaint. Such a reading would be nonsensical and inconsistent with this Court's ongoing process related to remanding cases.

Furthermore, PTO 8 specifically states: "[a]ll Plaintiffs *have the express right to file and serve an Amended Complaint*, upon the showing required by the relevant Federal Rules of Civil Procedure and any applicable court order, regardless of selection for bellwether consideration, which more fully sets forth the facts specific to their case, the causes of action and allegations against Defendants and theories of liability alleged." *In re: Bair Hugger Forced Air Warming Devices Prods. Liab. Litig.*, 15-md-2666, PTO 8, ECF No. 46 at ¶ 6 (emphasis added). In the recent scheduling orders for the Group 1 and Group 2 remand cases, Magistrate Judge Schultz set deadlines for remand cases to file amended complaints. *See* Exhibits 3 and 4 ("Pursuant to PTO 8, any plaintiff wishing to amend their operative complaint shall serve and file the amended complaint…"). It would be unjust to allow remand plaintiffs to file amended complaints while simultaneously not allowing a non-remand plaintiff, such as Plaintiff, to file an amended complaint, especially when there is a pending Rule 12(c) motion.

The Court's most recent remand order is to the same effect. On September 21, 2026, consistent with its prior remand orders, the Court again provided that "[p]ursuant to PTO 8, any plaintiff wishing to amend their operative complaint shall serve and file the amended complaint" by a designated deadline. *See* Exhibit 9 (Group 6 Scheduling Order) at 3. The

Court has also recognized that the master pleadings themselves warrant updating. On July 10, 2026, it granted Plaintiffs' leadership leave to file a motion to amend the Master Long Form and Short Form Complaints in light of additional evidence that post-dates those pleadings. MDL ECF Nos. 3455, 3524. It would make little sense to adjudicate the sufficiency of Plaintiff's administrative Short Form Complaint, and the outdated Master Long Form Complaint it incorporates, while those very pleadings are being amended. Moreover, if leave is granted, Plaintiff's amended complaint will supersede the pleading Defendants challenge and moot their motion. *See Pure Country, Inc. v. Sigma Chi Fraternity*, 312 F.3d 952, 956 (8th Cir. 2002).

Defendants will also not be prejudiced by the proposed amendments. To establish prejudice, an "opposing party must demonstrate that the amendment will interfere with its ability to prove its case, that the amendment offers a new theory of recovery after the case has been substantially developed, or that the amendment would necessitate additional discovery." *In re Genetically Modified Rice Litig.*, No. 4:06-md-1811, 2010 WL 3522301, at *1 (E.D. Mo. Sept. 2, 2010). Defendants cannot claim prejudice because the proposed amendment will not interfere with their ability to prove their case, nor does the amendment offer a new theory of recovery.

Defendants have been aware of the facts related to their defective product for at least 12 years. The first complaint against Defendants alleging a defective Bair Hugger product was filed in 2013 and, after additional cases were filed in district courts across the country, the matter was transferred to the MDL Court in the District of Minnesota in 2015. The facts that pertain to Plaintiff are specific to her experiences and her injuries; however, those

injuries, and the alleged cause of them, are well known to the Defendants. Nor can Defendants claim lack of notice regarding the fraudulent concealment tolling allegations. These allegations outline Defendants' own affirmative actions which were uncovered by plaintiffs during the discovery process. Defendants cannot somehow assert that the addition of these allegations interferes with their ability to prove their case. And these facts certainly do not constitute a new theory of recovery. Many other state cases with similar complaints have been filed in the past years similar to Plaintiff's proposed amended complaint, including complaints with similar fraudulent concealment and/or tolling allegations. Courts in other districts have granted similar requests. *See* Exhibit 5 – Order Granting leave to Amend Complaint in *Boncher v. 3M Co.*, 5:24-cv-01403, ECF No. 62 (E.D. Pa. Sept. 17, 2024); Exhibit 6 – Amended Complaint in *Boncher v. 3M Co*., 5:24-cv-01403, ECF No. 63 (E.D. Pa. Sept. 20, 2024); Exhibit 7 – Order Granting leave to Amend in *Finley v. 3M Co.*, 6:24-cv-01672, ECF No. 54 (D.S.C. Dec. 3, 2024); Exhibit 8 – Amended Complaint in *Finley v. 3M Co.*, 6:24-cv-01672, ECF No. 56 (D.S.C. Dec. 10, 2024).

Defendants are not prejudiced or caught off guard, as no new, unknown facts are pled. Additionally, the case specific discovery in this litigation is stayed, as Plaintiff is not a bellwether or remand case. The proposed amended complaint does not involve the addition of any new defendants or raise any new legal theories. *See* Exhibit 1. Thus, no prejudice against Defendants would result in allowing the amendment under these circumstances. The party opposing amendment bears the burden of demonstrating that the amendment would cause undue prejudice. *See In re Lutheran Broth. Variable Ins. Prods.*

*Co. Sales Practices Litig*., No. 99-md-1309, 2002 WL 31371945, at *6 (D. Minn. Oct. 7, 2002). Defendants here cannot carry that burden.

Finally, Plaintiff's request to file an amended complaint is not futile as Plaintiff has alleged sufficient facts to state a claim for relief that is facially plausible when the alleged facts, and all reasonable inferences thereon, are viewed in a light most favorable to Plaintiff. The primary difference between the Master and Short Form Complaint filed in the MDL and the proposed amended complaint herein is the inclusion of details specific to Ms. Brunell's circumstances and state specific pleading requirements. The general factual assertions and allegations related to the Defendants' defective product are similar and updated since the Master Complaint was filed in 2016. Defendants cannot argue futility; the proposed amended complaint contains many more facts and details than the Master Complaint in the MDL. Ms. Brunell has also added detailed allegations of Defendants' affirmative acts to fraudulently conceal the safety and efficacy of the Bair Hugger from Plaintiff and her physicians. As shown below, the proposed amended complaint pleads facts that defeat Defendants' limitations defense under Tennessee law.

Where the proposed amendment is not clearly futile, denying leave to amend on this ground is highly improper. A motion to amend is futile if the pleading "will not be able to withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *In re EpiPen Direct Purchaser Litig*., 2021 WL 4892231, at *7. Courts generally do not weigh the substance of a proposed amended pleading to the same extent they would on a Rule 12(b)(6) motion, and arguments directed at the substance of a claim that is not frivolous are not appropriate at this stage. *See Schlief v. Nu-Source, Inc*., No. 10-4477, 2011 WL

13140709, at *1 (D. Minn. Aug. 22, 2011). The proposed amended complaint includes sufficient facts and evidence, supported by the relevant state law, such that it would withstand a motion to dismiss under Rule 12(b)(6) and 12(c), and thus is not futile. As stated above, Defendants bear the burden of proving the amendment would be futile, and Defendants cannot carry that burden since a similar complaint was filed in the MDL and similar amendments have been filed in other courts.

The proposed amended complaint responds directly to the principal grounds on which Defendants' motion rests. The following chart identifies, for each of those grounds, the allegations of the proposed amended complaint that answer it:

| **Defendants' Argument** | **Where the Proposed Amended Complaint (Ex. 1) Answers It** |
|---|---|
| Plaintiff's claims are governed by Tennessee's one-year personal-injury limitations period. MDL ECF No. 3698 at 11–13. | Plaintiff's personal-injury claims are pleaded as a single product liability action under the Tennessee Products Liability Act, Tenn. Code Ann. § 29-28-102(6). ¶ 171. Their timeliness turns on the discovery-rule and fraudulent-concealment allegations below. |
| Plaintiff's claims accrued when she was diagnosed with and treated for her infection in October 2019. MDL ECF No. 3698 at 13–16. | Plaintiff was anesthetized, was unaware a warming device was used, and was never told of any infection risk (¶ 36); her records do not link the Bair Hugger to her infection, and no provider identified a cause (¶ 37); she visited with her doctor about the infection (¶¶ 38, 161, 164); her providers were misled by 3M (¶¶ 39, 133–136, 162–163); she learned of the risk only years later, counsel obtained records confirming use of a forced-air warming device on February 14, 2023, and suit was filed on April 14, 2025, during the tolling period (¶ 40); discovery rule (¶ 165). |

| **Defendants' Argument** | **Where the Proposed Amended Complaint (Ex. 1) Answers It** |
|---|---|
| The TCPA's one-year limitations period bars Plaintiff's consumer-protection claim. MDL ECF No. 3698 at 16–17. | The TCPA claim is pleaded under Tennessee law and identifies the specific unlawful practices under Tenn. Code Ann. § 47-18-104(b) (¶¶ 234–245, esp. ¶ 239); the same discovery-rule and concealment allegations govern when Plaintiff discovered those practices (¶¶ 36–40, 165–167). |
| Fraudulent concealment is not pleaded with particularity. MDL ECF No. 3698 at 21–23. | 3M's knowledge of the infection risk since the late 1980s and of a 380% increased risk since at least 2011 (¶¶ 119–123); its failure to warn or correct despite that knowledge, including through its Partnership Program (¶¶ 124–132); its affirmative concealment from medical providers, including Plaintiff's (¶¶ 133–136); its continuing false statements on its website (¶¶ 138–146); its influence over published literature and consensus statements (¶¶ 147–160); Count X (¶¶ 275–286). |
| The pleadings contain no allegations about Plaintiff specifically or about when and how she discovered the alleged fraud. MDL ECF No. 3698 at 23. | Plaintiff-specific allegations (¶¶ 36–40, 161–164); when and how Plaintiff learned of the risk and of 3M's concealment (¶¶ 40, 284). |
| The elements of fraudulent concealment under *Shadrick* are not pleaded. MDL ECF No. 3698 at 21–23. | Each element is pleaded (¶ 166), and tolling is alleged (¶ 167). |
| Any tolling ended at diagnosis, and the 2015 formation of this MDL put Plaintiff on notice. MDL ECF No. 3698 at 24–25. | Plaintiff's records did not link her infection to the Bair Hugger, and her providers identified no cause (¶ 37); 3M's concealment continued throughout (¶¶ 163, 283, 285); see Section A.3, *infra*. |
| Minnesota consumer-protection statutes do not apply to a Tennessee injury. MDL ECF No. 3698 at 19–21. | The Minnesota statutory claims are withdrawn; the consumer-protection claim is pleaded under the TCPA only (Count VII, ¶¶ 234–245). |
| Punitive damages fail as a separate cause of action. MDL ECF No. 3698 at 25. | Punitive damages are sought as a remedy in the Prayer for Relief, not as a separate count, and are supported by allegations of reckless, willful, and intentional conduct (¶¶ 183–184, 269, 279). |

Defendants' motion rests on a single premise: that Ms. Brunell's claims accrued as a matter of law no later than October 31, 2019, when she underwent an irrigation and debridement procedure to treat her infection. MDL ECF No. 3698 at 16. As the chart above shows, the proposed amended complaint pleads specific facts that directly answer each of Defendants' timeliness arguments, and at this stage those facts must be accepted as true. Therefore, the amendment is not futile.

The interests of justice and judicial economy will undoubtedly be served by having all allegations properly before this Court as set forth in Plaintiff's proposed amended complaint prior to addressing the Rule 12(c) challenges that Defendants have filed. Accordingly, in the interest of justice, this Court should grant Plaintiff's motion for leave to file the proposed amended complaint. Granting this motion is particularly appropriate here, given both the clear absence of any substantial reason to deny leave to amend and the Court's scheduling orders in cases selected for remand that allow such amendment of pleadings prior to motion practice.

## CONCLUSION

For the reasons identified above, Plaintiff Betty Brunell requests that the Court grant her motion for leave to file the proposed amended complaint.

Dated: October 5, 2026

Respectfully submitted,

*/s/ Clifford Walston*
Clifford Walston (TX Bar No. 24037666)

**Walston, PC**
4411 San Felipe Street
Suite 600
Houston, TX 77027
cliff@walstonlegal.com
(713) 300-9600
***Attorney for Plaintiff Betty Brunell***

## CERTIFICATE OF SERVICE

I, Clifford Walston, hereby certify that on October 5, 2026, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF System, which will send notification to all counsel of record.

*/s/ Clifford Walston*
Clifford Walston