**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

IN RE BAIR HUGGER FORCED AIR WARMING PRODUCTS LIABILITY LITIGATION

MDL No. 15-md-2666 (JNE/DTS)

**SCHEDULING ORDER**

This Document Relates to:

16-cv-0057 (Irby)
16-cv-1933 (Coburn)
16-cv-2630 (Clemons)
16-cv-2810 (Sullivan)
16-cv-2963 (Person)
17-cv-1313 (Damron)
17-cv-3317 (Gain)
17-cv-3660 (Guzman)
17-cv-4184 (Garcia)
17-cv-4972 (Brabec)
17-cv-5275 (Jackson)
17-cv-5460 (Helfand)
17-cv-5506 (Hernandez)
18-cv-0548 (Reid)
18-cv-3249 (Casey)
23-cv-2406 (Przebinda)
23-cv-3061 (Clark)
24-cv-0370 (Crane)
25-cv-1839 (Bock)
25-cv-1899 (Kraft)
25-cv-2490 (Beskin)
25-cv-2516 (Drake)
25-cv-2664 (Odom)
25-cv-3416 (Yonts)

---

Pursuant to the Court's Order identifying 150 MDL cases for trial work-up and establishing a procedure for doing so, Dkt. No. 3606, the Court now issues the following Order implementing that procedure for the above-captioned cases. The following schedule will govern these proceedings unless modified pursuant to Local Rule 16.3.

**INITIAL DISCLOSURES**

The parties shall serve initial disclosures by **October 16, 2026**. These disclosures shall include information each party possesses regarding product identification/product use. Defendants' initial disclosures shall also include the following:

1. Identification of all sale representative(s) from Defendants who were in contact with the healthcare providers (including the health systems) where Plaintiff alleges the exposure to Bair Hugger took place and produce all documents, including communications between sales representatives and the relevant healthcare providers and/or health systems.

2. A list of corporate employees and their job description for all individuals employed currently and within the past 8 years in the patient warming business.

3. Pursuant to Federal Rule of Civil Procedure 26(a)(1)(A)(iv), any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

**FACT DISCOVERY**

Fact discovery shall commence on **October 2, 2026**. All fact discovery shall be completed no later than **March 19, 2027**.

1. Written Discovery

   A. No more than **25** interrogatories counted in accordance with Rule 33(a) shall be served by either side.
   B. No more than **15** document requests shall be served by each party. Objections to document requests must meet the requirements of amended Rule 34(b)(2)(B).
   C. No more than **25** requests for admissions shall be served by each side.

2. No more than **20 hours** of fact deposition testimony, excluding expert witness depositions, shall be taken by each side.

3. No more than **1** Rule 35 medical examination shall be conducted during the fact discovery period.

**EXPERT DISCOVERY**

1. Disclosure of the identities of case specific expert witnesses under Rule 26(a)(2)(A), the full disclosures required by Rule 26 (a)(2)(B) (including the written report prepared and signed by each expert witness), and the full disclosures required by Rule 26(a)(2)(C), shall be made as follows:

   Identification and Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures by Plaintiff on or before **April 16, 2027**

   Identification and Rule 26(a)(2)(B) and 26(a)(2)(C) disclosures by Defendant on or before **May 21, 2027**

2. All expert discovery, including expert depositions, must be completed by **July 16, 2027.**

3. No depositions of general causation experts shall be taken unless (1) the expert has not been previously disclosed in this MDL, or (2) the expert, though previously identified, is offering an opinion not previously disclosed.

**NON-DISPOSITIVE MOTIONS**

1. Amendments to the Operative Complaint

   Pursuant to PTO 8, any plaintiff wishing to amend their operative complaint shall serve and file the amended complaint by **November 20, 2026**.

2. Fact Discovery Motion Practice

   All motions relating to fact discovery shall be filed by **April 16, 2027**. Such motion practice shall proceed by letter briefs only. **Letter briefs must be filed on the ECF in the particular case to which they pertain**. The responding party must serve and file their responsive letter within two business days of the filing by the moving party. No Notices of Motion or Memorandum of Law shall be filed. The letter briefs shall be no longer than 5 pages and may not attach exhibits. The court will schedule a telephonic hearing on the motion, at which hearing the court will announce its ruling on the motion.

3. Expert Discovery Motion Practice

   All motions relating to expert discovery must be served and filed by **August 13, 2027.**

**PRIVILEGE/PROTECTION**

The parties will follow the procedure set forth in Fed. R. Civ. P. 26(b)(5)(B) regarding information produced in discovery that is subject to claim of privilege or protection as trial-preparation material. Pursuant to Fed. R. Evid. 502, the inadvertent production of any documents in this proceeding shall not constitute a waiver of any privilege or protection applicable to those documents.

**MEDICAL AUTHORIZATIONS**

If a plaintiff's medical authorization has expired, the plaintiff shall serve an updated medical authorization by **October 2, 2026.**

**CASES TO BE TRIED IN MINNESOTA**

For cases to be tried in the United States District Court of Minnesota, all dispositive motions and supporting documents (notice of motion, motion, memorandum of law, affidavits and proposed order) shall be filed and served on or before **October 1, 2027**. Counsel for the moving party shall call Judge Ericksen's Courtroom Deputy at 612-664-5890 to schedule the hearing for the dispositive motion. Upon receipt of a hearing date (or an instruction that the hearing will take place at a date and time to be determined by the Court), the moving party shall immediately file and serve the dispositive motion and supporting documents. No dispositive motions shall be filed on general causation.

The parties shall comply with Local Rule 7.1 and the Electronic Case Filing Procedures Guide, Civil Cases. When a motion, response or reply brief is filed on ECF, two paper courtesy copies of the pleading and all supporting documents shall be mailed or delivered to Judge Ericksen's Courtroom Deputy at the same time as the documents are posted on ECF.

These cases shall be ready for jury trials as of **January 17, 2028**.

**CASES TO BE TRIED ELSEWHERE**

For cases to be tried in other venues, if no expert discovery motions are filed, the case shall be deemed ready to transfer to the trial court on **September 17, 2027.** If expert discovery motions are filed and remain pending as of September 7, 2027, the case shall be ready for transfer to the trial court by **October 22, 2027**.

Dated: September 21, 2026

s/ David T. Schultz
DAVID T. SCHULTZ
United States Magistrate Judge